UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JAN 2 2 2019

Hozie Rowell,

     Plaintiff,

  —v—

City of New York et al.,

     Defendants.

16-cv-6598 (AJN)

MEMORANDUM
OPINION AND ORDER

ALISON J. NATHAN, District Judge:

In this civil rights action, Plaintiff Hozie Rowell brought claims under 28 U.S.C. § 1983

and state law in connection with his arrest and prosecution for possession of drugs and drug

paraphernalia. Defendants moved for summary judgment and on September 28, 2018, the Court

granted that motion as to all claims except Plaintiff's claim for the denial of his right to a fair

trial and for failure to intervene. Dkt. 75 ("Order"). On October 12, 2018, Defendants moved for

the Court to reconsider its decision as to these two remaining claims. Dkt. 76. The motion for

reconsideration is denied.

I.   **Legal Standards**

  **a. Motion for Reconsideration**

"A motion for reconsideration should be granted only when the [moving party] identifies

an intervening change of controlling law, the availability of new evidence, or the need to correct

a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL*

*Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). This

standard is stringent since "reconsideration of a previous order is an extraordinary remedy to be

employed sparingly in the interests of finality and conservation of scarce judicial resources."

1

*Seoul Viosys Co., Ltd. v. P3 Int'l Corp.*, 16-CV-6276 (AJN), 2018 WL 401511, at *2 (S.D.N.Y. Jan. 12, 2018) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

### b. Summary Judgment

Summary judgment may not be granted unless all of the submissions taken together "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Summary judgment is appropriate when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Smith v. County of Suffolk*, 776 F.3d 114, 121 (2d Cir. 2015) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "[I]n making that determination, the court is to draw all factual inferences in favor of the party against whom summary judgment is sought, viewing the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the party opposing the motion." *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995).

### III. Discussion

The Court assumes the parties' familiarity with the facts of this case. As an initial matter, Plaintiff asserted several facts in his opposition to Defendants' motion for reconsideration that were in neither parties' Rule 56.1 statements. Pl. Opp. at 2-3. Defendants do not object to Plaintiff's inclusion of these new facts, all of which cite to documents that Defendants produced in discovery. Moreover, Defendants admit to one of the facts and do not address any of the

others despite Plaintiff's request that they do so. And a district court has discretion to allow a party to "expand the record" on a motion for reconsideration in the interest of fairness and allowing for a full review of the issues. *See Romero v. United States*, No. 00 CIV. 3513(RPP), 2003 WL 1483558, at *2 (S.D.N.Y. Mar. 21, 2003). Given the circumstances and Defendants' response, the Court will consider the new facts cited by Plaintiff for the purposes of this motion.

Turning now to the merits of Defendants' motion, the elements of a denial of the right to a fair trial claim are: "an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016) (internal quotation marks omitted). In the Court's summary judgment Order, it concluded based on a number of suspicious facts about the police search of Plaintiff's apartment that Plaintiff had put forth sufficient evidence to raise a genuine issue of material fact as to his denial of a fair trial claim. Order at 6-8.

Defendants argue that the Court overlooked the fifth element of the fair trial analysis. They assert that because the Court found that Plaintiff's arrest and prosecution were supported by independent probable cause, even if the evidence in question had been fabricated, Plaintiff cannot show that this fabrication *caused* any deprivation of liberty. Def. Mot., Dkt. 77, at 3-5. And if Plaintiff' fair trial claim fails, Defendants argue, his failure to intervene claim based on denial of a fair trial must fail as well. *Id.* at 5 n. 2. Plaintiff counters that Defendants' alleged fabrication resulted in a liberty deprivation by affecting the post-arrest charging decision and bail determination. Pl. Opp. at 3-5.[1] For the reasons given below, the Court continues to conclude that there was a genuine issue of material fact on this claim.

---

[1] Plaintiff also argues that the Court should not address Defendants' argument as it was raised for the first time in Defendants' reply papers during summary judgment briefing. Pl. Opp. at 1-3. Because the Court finds that

Even if independent probable cause exists, fabricated evidence can cause a liberty deprivation for the purposes of a fair trial claim. In a situation in which an arrest or prosecution were supported by probable cause, a plaintiff can still prevail on a fair trial claim if fabricated evidence causes some "further deprivation." *Ganek v. Leibowitz*, 874 F.3d 73, 91 (2d Cir. 2017) (quoting *Garnett*, 838 F.3d at 277); *Hoyos v. City of New York*, 650 F. App'x 801, 803 (2d Cir. 2016) ("[T]he district court's statement that independent probable cause rules out the possibility that fabricated evidence proximately caused the deprivations stemming from his prosecution is not, as a general matter, correct."). The Second Circuit in *Garnett* gave as examples of further deprivations "the setting of bail, which may make the difference between freedom and confinement pending trial, and the prosecutor's decision to pursue charges rather than to dismiss the complaint without further action" since these "may depend on the prosecutor's and magistrate's assessments of the strength of the case, which in turn may be critically influenced by fabricated evidence." *Garnett*, 838 F.3d at 277. Other examples of liberty deprivations include "the number of court appearances a plaintiff made post-arraignment, constraints such as bail requirements, a period of incarceration or travel restrictions." *Hanson v. New York City*, No. 15-CV-1447 (MKB), 2018 WL 1513632, at *17 (E.D.N.Y. Mar. 27, 2018) (citing *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995)). The Court will apply this standard here.

There is a genuine issue of fact as to whether the allegedly fabricated evidence in this case caused the prosecution to pursue charges against Plaintiff. If fabricated evidence is the basis of the charges brought against an individual, a jury could reasonably conclude that this evidence caused the prosecutor's decision to pursue charges. *Loftin v. City of New York*, No. 15-CV-5656 (MKB), 2017 WL 3614437, at *9 (E.D.N.Y. Aug. 21, 2017) ("[B]ecause the

---

Plaintiff prevails on the merits of the argument, it is unnecessary to address whether Defendants waived this claim by only raising it in their reply briefing.

information provided by the officers was the basis for the charges against Plaintiff, the officers' statements influenced the decision of the District Attorney's Office to charge Plaintiff in the Criminal Complaint."); *Ashley v. City of New York*, No. 14-CV-5559 (NGG), 2017 WL 2972145, at *7-9 (E.D.N.Y. July 12, 2017) (even where probable cause for prosecution existed sufficient to deny a malicious prosecution claim, because a jury could conclude that a prosecutor might have dropped the charges after discovering that some of the statements relied on in the complaint were false, plaintiff's fair trial claim survived a motion for summary judgment); *Thompson v. Clark*, No. 14-CV-7349 (JBW), 2018 WL 3128975, at *14-15 (E.D.N.Y. June 26, 2018) (plaintiff's fair trial claim survived summary judgment because the allegedly false evidence was "forwarded to the prosecutor . . ., placed in the criminal court complaint, used as the basis for charging him with resisting arrest, and served to deprive him of his liberty"). By Defendants' own admission, the allegations that drugs and plastic baggies were recovered from Plaintiff's apartment were virtually the entire basis for the criminal complaint against Plaintiff. Defendants' Statement Pursuant to Rule 56.1, Dkt. 62, ¶ 30; Criminal Court Complaint, Thadani Decl., Dkt. 61, Ex. S. It is true that the Court found that probable cause existed for the arrest and search based on statements from a confidential informant, and therefore concluded there was probable cause for *commencing* proceedings. Order at 11-12. Yet as an initial matter, it would be contrary to *Garnett* for this Court to find that, as a matter of law, probable cause for an arrest and search are a complete defense to a fair trial claim based on the decision to continue pursuing a prosecution. *Garnett*, 838 F.3d at 277; *see also Ashley*, 2017 WL 2972145, at *7-9. Moreover, the criminal complaint in this case was based on the allegedly fabricated evidence, making no mention of any information from a confidential informant. Criminal Court Complaint, Thadani Decl., Dkt. 61, Ex. S. The decision to continue to prosecute Plaintiff plainly resulted in a liberty

5

deprivation, as Plaintiff was required to appear in court sixteen times before the charges were ultimately dismissed. Pl. Opp. at 4; *see Hanson*, 2018 WL 1513632, at *17 (a significant number of court appearances weighs in favor of finding of a liberty deprivation). It may be that without the allegedly false evidence in the complaint, the prosecutor in this case would have simply pursued the same charges based on the confidential informant. But a reasonable jury could find otherwise.

There is also a genuine dispute of fact as to whether the purportedly fabricated evidence resulted in a deprivation of liberty by causing bail to be set. In addition to the fact that the complaint was based on the allegedly fabricated evidence, the prosecutor cited this evidence at the arraignment where Plaintiff's bail was set. Pl. Opp. 2-3, 4-5. Plaintiff was then required to post bail and detained for three days before his family did so. *Id.* at 2-3. In these circumstances, "[t]he jury could well find that the officers' allegedly false statements influenced the prosecutors in their request for bail." *Shepherd v. Mayer*, No. 13 CV 6142 (NG), 2018 WL 679456, at *5 (E.D.N.Y. Jan. 31, 2018). A jury could also find that the evidence before Judge DiBiase influenced her sense of the strength of the case and therefore the bail she set, resulting in Plaintiff's three-day confinement. These outcomes plainly constitute liberty deprivations. *Garnett*, 838 F.3d at 277; *Haskins v. City of New York*, No. 15-CV-2016 (MKB), 2017 WL 3669612, at *11 (E.D.N.Y. Aug. 24, 2017) ("'[T]here can be no question' that a plaintiff suffered a deprivation of liberty when he was 'physically detained following arraignment.'" (quoting *Murphy v. Lynn*, 118 F.3d 938, 945 (2d Cir. 1997)). Defendants argue that based on the confidential informant, Plaintiff could have been charged with a felony, and, at the very least, bail would have been no lower in that hypothetical scenario. But this cannot undo what actually took place: the allegedly fabricated evidence was the basis for the criminal complaint, the

prosecutor cited to that evidence at the arraignment at which bail was set, and this resulted in a deprivation of Plaintiff's liberty. On that basis, a reasonable jury could conclude that the alleged fabrication caused Plaintiff's post-arraignment detention. The Court therefore continues to conclude that a genuine issue of material fact exists on Plaintiff's fair trial claim.

Because the Court denies Defendants' motion to reconsider as to Plaintiff's fair trial claim, it will also deny their motion to reconsider as to Plaintiff's failure to intervene claim.

## III.  Conclusion

For the reasons given above, Defendants' motion for reconsideration is DENIED in its entirety. This resolves docket item number 76. In addition, within one week of the date of this order, the parties shall submit a letter indicating whether they seek the Court's assistance in referring the parties to a magistrate judge or mediator for settlement.

SO ORDERED.

Dated: January 22, 2019
        New York, New York

ALISON J. NATHAN
United States District Judge