UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Hozie Rowell,

          Plaintiff,

–v–

City of New York et al.,

          Defendants.

16-cv-6598 (AJN)

AMENDED MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Plaintiff's Motion to Vacate Taxation of Costs. Dkt. No. 149. For the reasons stated below, Plaintiff's motion is denied.

## I. Background

Following a jury trial in which the jury returned a defense verdict, Defendants filed an Application for Costs pursuant to Federal Rule of Civil Procedure 54 seeking costs in the amount of $4,994.89. Dkt. No. 145. Plaintiff objected to Defendants' application arguing that an award of costs would be inequitable because Plaintiff is indigent. *See* Dkt. No. 147. The Clerk of Court granted Defendants' motion by granting costs in the amount of $4,828.01. Dkt. No. 148. Plaintiff now brings this Motion to Vacate Taxation of Costs. Dkt. No. 149.

## II. Analysis

Pursuant to Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Thus, "an award of costs is the rule, not the exception, because costs are

considered 'an incident of judgment' rather than a 'punitive measure.'" *Moore v. Cnty. of Delaware*, 586 F 3d 219, 221 (2d Cir. 2009) (citation omitted).

The Court has "equitable discretion in awarding or denying costs." *Id.* "A court need not award costs to the prevailing party if it finds that such an award would be inequitable." *Culp v. Zaccagnino*, 96-cv-3280 (THK), 2000 WL 35861, at *1 (S.D.N.Y. Jan. 18, 2000). "Among the equitable considerations that may be weighed by the Court are plaintiff's indigence or financial hardship and a plaintiff's good faith in bringing the action." *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, 02-cv-9151 (KMW), 2010 WL 1780950, at *1 (S.D.N.Y. May 4, 2010). However, "these factors alone are insufficient to overcome the usual rule of awarding costs to the prevailing party." *Wray v. City of New York*, 01-cv-4837 (BMC) (RER), 2007 WL 2908066, at *1 (S.D.N.Y. Oct. 4, 2007) (citing *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001)). Courts in this circuit typically only deny costs based on indigency for plaintiffs who are unemployed or make just pennies an hour working in correctional facilities. *See e.g.*, *Eldaghar*, 2010 WL 1780950, at *2; *Wisniewski v. Claflin*, 05-cv-4956 (JS) (ETB), 2008 WL 11412045, at *1; *Culp*, 2000 WL 35861, at *2. Meanwhile, courts routinely uphold the taxation of costs on individuals who are low-income and claim an inability to pay. *See Glucover v. Coca-Cola Bottling Co. of New York, Inc.*, 91-cv-6331 (PKL), 1996 WL 1998, at *2 (S.D.N.Y. Jan. 3, 1996) (acknowledging that courts routinely impose costs upon indigent litigants proceeding *in forma pauperis*). Finally, a plaintiff must provide documentary support of his financial hardship rather than conclusory statements summarizing his financial situation. *See id.* at *2 ("[P]laintiff does not provide any documentary support for her indigency, but rather relies solely on her affidavits."); *cf. Wisniewski*, 2008 WL 11412045, at *1 (finding plaintiff indigent based on

unemployment benefits of $405 a week and documentation of bills and debt that would make it difficult for him to pay defendant's costs).

Having presided over the four-day trial in this case, the Court does not doubt that Plaintiff brought and litigated this case in good faith. What's more, Plaintiff's counsel submitted a declaration demonstrating that Plaintiff receives $770 per month in the form of Supplemental Security Income (SSI) and is employed earning $15 per hour, but he is capped at working more than twenty hours a week and rarely works that. Dkt. No. 150. However, based on the papers, Plaintiff is not facing the same financial hardship as those in which the court declined to award costs. *See, e.g.*, *Edwards v. Brookhaven Science Assocs.*, 03-cv-6123 (ADS) (JO), 2006 WL 3497861, at *2 (E.D.N.Y. Dec. 4, 2006) (declining to award costs to an unsuccessful plaintiff where plaintiff was unemployed and had earned $5,000 in the prior year). And Plaintiff does not provide specific documentation regarding the financial hardship he would face if he were ordered to pay Defendant's costs. *Cf. Wisniewski*, 2008 WL 11412045, at *1 (crediting plaintiff's documentary evidence of the burden of imposing costs).

Thus, the Court denies Plaintiff's motion to vacate the Clerk of Court's Judgment of Costs and awards the costs assessed by the Clerk. However, considering Plaintiff's difficult financial situation, the Court will exercise its discretion under Rule 69(a) and N.Y. C.P.L.R. 5240 to prevent wasted collection efforts by Defendants and unnecessary inconvenience to Plaintiff. Execution on the bill of costs that the Clerk will enter is stayed for 30 days from the date of this Order so that the parties can stipulate to a payment plan that recognizes Plaintiff's current financial situation and Defendants' right to be paid at some point in the future when Plaintiff is able. In the event the parties are unable to agree upon such a plan, the Court will impose one through the mechanism of modifying the timing and use of available execution

methods. The parties are urged to resolve this consensually as further intervention by the Court may be satisfactory to neither side.

### III. Conclusion

The Clerk of Court is respectfully directed to uphold the bill of costs entered in Defendants' favor in the amount of $4,828.01. Execution of the bill of costs so entered is stayed for 30 days from the date upon which this Order appears on the ECF docket. This resolves docket number 149.

SO ORDERED.

Dated: March 3, 2022
       New York, New York

_____
ALISON J. NATHAN
United States District Judge